United States of America
United States District Court: Western District of New York

DON JACKSON, a minor, by his
Parent and guardian Amy L. Comfort,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |

vs.

Corning-Painted Post Area School District , Corning
Painted Post Middle School, Corning
Painted Post High School, Corning Painted
Post Middle School Teacher Mr. Gregory Stone,
Corning Painted Post Middle School Principal
Mr. Frank Barber, Village of Painted Post, Town of Corning,
City of Corning, Corning Painted Post Middle School Assistant
Principal Mrs. Sarah Ainsworth, Assistant Superintendent
For Student Services Ms. Kerry Elsasser, and New York
State Education Department,

Defendants.

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

1. This is a civil rights action brought pursuant to 42 United States Code ("U.S.C.") §1983 for violations of Negligent infliction of emotional distress, intentional infliction of emotional distress, infliction of serious emotional harm, negligent investigation, negligence generally, negligence more specifically in the training and supervision of teachers in violation of claimants civil rights, all caused by the tortious negligence, reckless, intentional and careless acts of the Defendants.

2. Claimant was unlawfully harassed and assaulted by Respondents with no cause. Claimant suffered inhumane treatment and was deprived of his constitutional and civil rights without basis and/or reason.

3. These are cases of action in tort. Constitutional causes of action will abide the pleading, but are not limited to violations of Sections 1981, 1982, 1983 and 1984 of the Civil Rights Act of 1964 and the United States Constitution.

4. In addition, Plaintiff brings this action against the Defendants to seek remedy for the Defendants violations of Title IX of the Educational Amendments of 1972, 20 U.S.C. 1681 et seq., and its negligent supervision of students.

5. Furthermore, Plaintiff beings this action under Title VII of the Civil Rights Act of 1984, 20 U.S.C.S. §2000e et seq.

6. Lastly, Defendants indifference to racial- based bullying and harassment not only affects the victim, but also impacts the student body and the school community as a whole. The Defendants inaction has shown students- particularly minority students- that the very people charged with ensuring their safety in school will **not** protect them in their time of need.

## PARTIES

7. Plaintiff, Amy L. Comfort, currently resides at 186 North Franklin Street Extension, Corning, NY 14830. She is the mother and legal guardian of minor child Don Jackson.

8. Plaintiff, minor child Don Jackson, currently resides at 186 North Franklin Street Extension, Corning, NY 14830.

9. Upon information and belief, Corning Painted Post Middle School Principal Frank Barber is employed by the Corning-Painted Post Area School District and was acting in such capacity during the events that give rise to this lawsuit.

10. Upon information and belief, Corning Painted Post Middle School Assistant Principal Sarah Ainsworth is employed by the Corning-Painted Post Area School District and was

acting in such capacity during the events that give rise to this lawsuit.

11. Upon information and belief, Corning Painted Post Middle School Assistant Superintendent for Student Services, Kerry Elsasser, is employed by the Corning-Painted Post Area School District and was acting in such capacity during the events that give rise to this lawsuit.

12. Upon information and belief, Corning Painted Post Middle School Teacher Gregory Stone is employed by the Corning-Painted Post Area School District and was acting in such capacity during the events that give rise to this lawsuit.

13. Upon Information and belief, the NYS Education Department is the department of the New York state government responsible for the supervision for all public schools in New York, and licensure of all teachers in New York State.

14. Upon information and belief, the Village of Painted Post, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

15. Upon information and belief, the Town of Corning, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

16. Upon information and belief, the City of Corning, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

17. Upon information and belief, Corning Painted Post High School, is a subdivision of the City/ Town of Corning and is under the direct control of the Town of Corning.

18. Upon information and belief, Corning Painted Post Middle School, is a subdivision of the Village of Painted Post and is under the direct control of the Village of Painted Post.

19. Upon information and belief, the Corning-Painted Post Area School District , is a

subdivision of the Village of Painted Post, Town of Corning and/or Town of Corning and is under the direct control of the Village of Painted Post.

## JURISDICTION

20. Plaintiff brings this action to recover damages for the violation of his civil rights under the Fourteenth Amendment of the United States Constitution, codified at 42 U.S.C. § 1983 and as bestowed upon the states and its citizens through the Due Process Clause by the Fourteenth Amendment of the United States Constitution.

21. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and § 1343 (civil rights).

22. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Federal Rules of Civil Procedure ("FRCP") Rule 54.

24. As mandated by the Supremacy Clause, in relation to actions brought pursuant to 42 U.S.C. § 1983, Plaintiff does not have to comply with Municipal Law Section 50-e with regard to filing a Notice of Claim for Federal causes of action. However, Plaintiff timely served such a notice for the pendant state causes of action and did have the requisite 50-h hearing conducted on August 2, 2022. This matter is ripe for litigation.

25. At all times here mentioned, Defendants were acting under the color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the Village of Painted Post and State of New York.

## VENUE

26. This action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arose in this judicial district and the Defendants reside in and/ or do business in Steuben County.

## FACTUAL BACKGROUND

27. On or about October 18, 2021, Don Jackson was an eighth grade student in class at Corning Painted Post Middle School, located at 35 Victory Highway, Painted Post, New York. Mr. Gregory Stone was teaching.

28. Don Jackson was speaking to his friend and said, "well that's gay", regarding a home work assignment. Mr. Stone immediately said to Mr. Jackson, loudly and in front of the entire class, "how would you like it if I called you a nigger." This retaliatory statement left Mr. Jackson stunned.

29. The retaliation by Mr. Stone continued with a question, "did that offend you?" To which Mr. Jackson replied, "yes!" Mr. Stone finished his verbal assault on claimant by stating, "good, that is what I wanted." Several students got up and walked out of class.

30. Students reported the incident to Mr. Frank Barber on the same day, who is the principal of the school. Mr. Jackson also spoke to Mr. Barber that day. Sometime later, on March 1 2022, Mr. Barber stops claimant in the hall and asks claimant how he would feel if Mr. Stone came back to teach at the Middle School. Plaintiff referred Mr. Barber to his mother, Amy L. Comfort, who immediately said "no way", "we object to reinstatement".

31. Mr. Stone was reinstated to teach at the High School of the same school district, which is the school Plaintiff is now enrolled in as a freshman.

32. Plaintiff Jackson suffers from mental trauma stemming from the verbal assault by Defendant Stone.

33. Plaintiff Jackson sees a nutritionist monthly for treatment of stress and anxiety induced weight gain.

34. Plaintiff Jackson sees a child psychologist every couple of weeks to deal with the anxiety and depression caused by this incident.

35. Plaintiff Jackson's homelife has been greatly disrupted due to Mr. Stone's actions and the school staff's inaction.

36. Plaintiff Jackson was never presented with a policy or procedure directly related to the harm caused by Defendant Stone.

37. Defendant Barber was made aware the same day, October 18, 2021, that Mr. Stone called Plaintiff Jackson a "nigger" and yet never advised Plaintiff or Plaintiff's mother of a plan of action, discipline, or any other remedy associated with this incident.

38. Likewise, Defendants Elsasser and Ainsworth were made aware of this incident and did nothing.

39. These Defendants (Barber, Elsasser and Ainsworth) have an affirmative duty to protect Plaintiff. Once Plaintiff is harmed they then have an affirmative duty to follow protocol for a horrible example of racism.

40. Plaintiff Jackson is in fact, half African American, wears a short afro cut of hair and has

brown skin.

41. Plaintiff Jackson was harassed by Defendant Barber who found it necessary to seek out the thirteen-year-old Plaintiff during school and ask his opinion on the reinstatement of Mr. Stone.

42. Plaintiff directed Defendant Barber to his mother, who made it very clear under no circumstances did she feel Defendant Stone should be re-hired by the school.

43. In fact, Defendant Gregory Stone was re-hired and was therefore seen by Plaintiff Jackson to be a threat to Plaintiff's first year of high school.

44. As a result of the stress, anxiety and depression Plaintiff felt, his grades dropped into the 60's and 70's. Plaintiff held an approximate 92-93% average prior to the Defendant Stone incident.

45. None of the Defendants (Barber, Elsasser and Ainsworth) ever contacted Plaintiff regarding his drop in grades and therefore they and the school district were negligent in the handling of this incident.

46. Not only were the above-described Defendants negligent in their behavior towards Plaintiff Jackson, but they also further injured Plaintiff when Defendant Stone was re-hired.

47. The lack of attention given Plaintiff Jackson, non-existent investigation, the ignoring of Plaintiff's mother's multiple emails and phone calls, all prove a pattern of negligent, reckless, and intentional infliction of emotional distress.

48. Plaintiff is alleging a violation of Sections 1981, 1982, 1983 and 1984 of the Civil Rights Act of 1964 and the United States Constitution.

49. Corning Painted Post Middle School receives both New York State and Federal Aid and is not considered a private school.

50. The New York State Education Department is responsible for the licensure of all Defendants. It is also responsible for ensuring that the Defendants provide an anti-discrimination, anti-racism, policy within the school with particular attention to minority students. In this instance, that did not happen.

51. Plaintiff Jackson no longer feels safe within the confines of a school due to the verbal assault committed against him by Defendant Stone and has been plagued with anxiety and depression as a result of Defendant Stone's actions.

### AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF §1981, 1982, 1983, AND 1984 OF THE CIVIL RIGHTS ACT OF 1964

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51.

53. Defendant Corning-Painted Post Area School District , Corning Painted Post Middle School and Corning Painted Post High School receive state and federal financial aid.

54. The above-described acts and omissions by all Defendants, including acts and omissions carried out by their employees, violated students' rights by discriminating on the basis of race, such that it created a hostile education environment for the Plaintiff and the additional victims who heard the racist expletive used by Mr. Stone.

55. Defendants' violations of §1981, 1982, 1983 and 1984 were the actual, direct and proximate cause of emotional, mental and physical harm suffered by Plaintiff as well as the other students who reported the incident.

56. Accordingly, Plaintiff requests judgment in its favor against all Defendants as set forth in the wherefore clause of this Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENT SUPERVISION**

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 above, as though more fully set forth herein.

58. Defendants have a duty to exercise reasonable care over its students and to adequately supervise students.

59. The acts and omissions of all Defendants breached this duty.

60. This negligent supervision proximately caused emotional, mental, physical and educational harm to Plaintiff and the other students in the class and in the school.

61. Accordingly, Plaintiff requests judgment in its favor against all Defendants as set forth in the wherefore clause.

**AS AND FOR A THIRD CAUSE OF ACTION: NEGLIGENCE**

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 above, as though more fully set forth herein.

63. Defendants were in *loco parentis* and owed Plaintiff a duty of care.

64. Defendants knew of the racial expletive used by Mr. Stone in class and breached their duty owed to Plaintiff when they failed to report the abuse to NYS Department of Education.

65. In fact, due to their failure to report and take any action, Mr. Stone was allowed to return to teaching in the High School which caused the tort to continue.

66. Plaintiff suffered severe emotional and mental suffering and distress due to Defendants actions, as well as fear for his own safety.

67. Plaintiff presently suffers from slipped capital femoral epiphysis (SCFE). This condition

required emergency surgery in December 2019. Overeating due to stress which is how Plaintiff dealt with the stress of Defendants actions and in-action affected him with more harm than it would someone not suffering with SCEF.

68. As a result of the Defendants breach, Plaintiff has incurred and will incur medical costs to treat his past, present and future psychological suffering as a result of being a victim of racial abuse.

69. Accordingly, Plaintiff requests judgment in its favor against all Defendants as set forth in the wherefore clause.

### AS AND FOR A FOURTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 above, as though more fully set forth herein.

71. The Defendants were negligent for failing to address complaints against Defendant Gregory Stone made by Plaintiff as well as other students.

72. Defendants were negligent when they allowed Plaintiff to continue to be exposed to Defendant Stone when they hired him to teach in the Defendant High School.

73. The Defendants knew or should have known this action would subject Plaintiff to further severe emotional and mental distress.

74. Accordingly, Plaintiff requests judgment in its favor against all Defendants as set forth in the wherefore clause.

### AS AND FOR A FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74

above, as though more fully set forth herein.

76. During the time period of 2021-2022, Defendants willfully and/or intentionally ignored racist behavior and complaints against Mr. Stone.

77. During this time period referenced above, Defendants willfully and/or intentionally ignored Plaintiff's safety.

78. Defendants willfully and/or intentionally created a hostile and unsafe school environment that no child would or should be able to tolerate.

79. Accordingly, Plaintiff requests judgment in its favor against all Defendants as set forth in the wherefore clause.

### AS AND FOR A SIXTH CAUSE OF ACTION: FAILURE TO REPORT

80. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 79 above, as though more fully set forth herein.

81. The Defendants were mandated reporters under the New York State Social Service Law §420.

82. Defendants knowingly and willfully failed to report the racist bad act to anyone, including law enforcement or crisis services.

83. Defendants did not provide students or teachers with written information on reporting requirements.

84. The knowing and willful failure of Defendants through inaction to report the racist abuse of Plaintiff was the proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiffs demand judgment on the above counts against the   Defendants, their units, their officers, employees, against and other persons acting in   concert or participation with

them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiff in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Costs of this action, including reasonable attorney fees to the Plaintiffs Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED:   Buffalo, New York
         December 18, 2022          By: _____
                                                                      Shari Jo Reich, Esq.
                                                                      Attorney for Plaintiff
                                                                       392 Pearl Street, Suite 400
                                                                       Buffalo, New York 14202
                                                                       716-309-2889
                                                                       sjreich@reichemerson.com

them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiff in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Costs of this action, including reasonable attorney fees to the Plaintiffs Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED: Buffalo, New York
December 18, 2022

By: _____
Shari Jo Reich, Esq.
Attorney for Plaintiff
392 Pearl Street, Suite 400
Buffalo, New York 14202
716-309-2889
sjreich@reichemerson.com