UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

D.J., a minor, by his Parent and Natural
Guardian Amy L. Comfort,

                Plaintiff,

      v.

CORNING-PAINTED POST AREA
SCHOOL DISTRICT, CORNING-
PAINTED POST MIDDLE SCHOOL,
CORNING-PAINTED POST HIGH
SCHOOL, MIDDLE SCHOOL TEACHER
MR. GREGORY STONE, CORNING-
PAINTED POST MIDDLE SCHOOL,
PRINCIPAL MR. FRANK BARBER,
VILLAGE OF PAINTED POST, TOWN
OF CORNING, CITY OF CORNING,
CORNING-PAINTED POST MIDDLE
SCHOOL ASSISTANT PRINCIPAL MRS.
SARAH AINSWORTH, ASSISTANT
SUPERINTENDENT FOR STUDENT
SERVICES MS. KERRY ELSASSER, and
NEW YORK STATE EDUCATION
DEPARTMENT,

                Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06567 EAW

## **INTRODUCTION**

      Plaintiff D.J., a minor child by his parent and guardian Amy L. Comfort

("Plaintiff"), commenced this action against defendants Corning-Painted Post Area School

District ("the District"), Corning-Painted Post Middle and High Schools, the Village of

Painted Post, Town of Corning, City of Corning, New York State Education Department

("NYSED"), and various District administrators and staff (collectively "Defendants"). Plaintiff alleges that Defendants are liable for violating his constitutional rights and several state law causes of action.  (Dkt. 37).

Presently before the Court are a number of motions:  Plaintiff's motion to dismiss all claims against Defendants Village of Painted Post, Town of Corning, and City of Corning (Dkt. 38); NYSED's motion to dismiss Plaintiff's amended complaint for failure to state a claim (Dkt. 42); and a motion to dismiss Plaintiff's amended complaint for failure to state a claim filed by the District, Corning-Painted Post Area Middle School ("the Middle School"), Corning-Painted Post Area High School ("the High School"), and individual Defendants Frank Barber ("Defendant Barber"), Sarah Ainsworth ("Defendant Ainsworth"), and Kerry Elsasser ("Defendant Elsasser") (collectively "District Defendants") (Dkt. 49).  For the reasons that follow, Plaintiff's motion (Dkt. 38) is granted, NYSED's motion (Dkt. 42) is granted, and District Defendants' motion (Dkt. 49) is granted in part and denied in part.

## **BACKGROUND**

### I.   **Factual Background**

The instant facts are taken from Plaintiff's amended complaint (Dkt. 37), which is the operative pleading.  As required at this stage of the proceedings, Plaintiff's factual allegations are taken as true.

Plaintiff, who is half African-American and has brown skin and a "short afro," was an eighth-grade student at the Middle School in October of 2021.  (*Id.* at ¶¶  16, 17).  On October 18, 2021, Plaintiff was in a class where Defendant Gregory Stone ("Defendant

Stone") was the teacher. [1]  Plaintiff was engaged in a private conversation with a classmate about a homework assignment when he expressed his disagreement about the assignment with the expression, "well that's gay." (*Id.* at ¶ 18).  Defendant Stone responded to Plaintiff's comment by loudly asking him in front of the entire class, "how would you like it if I called you a nigger?" (*Id.* at ¶ 19).  Plaintiff was stunned that Defendant Stone directed a racial epithet at him. (*Id.*).  Defendant Stone then asked, "did that offend you?" and Plaintiff responded that it had. (*Id.* at ¶ 20).  Defendant Stone then replied, "good, that is what I wanted." (*Id.* at ¶ 21).

Several students in the class were so overwhelmed that they got up and walked out of the classroom. (*Id*. at ¶ 22).  The same day, Plaintiff and other students reported Defendant Stone's comments to Defendant Barber, the principal of the Middle School. (*Id.* at ¶¶ 23, 24).  Sometime after this incident, Defendant Stone was removed from his position. (*Id.* at ¶ 25).

On or around March 1, 2022, Defendant Barber cornered Plaintiff in the hallway to ask how he would feel if Defendant Stone returned to the Middle School. (*Id.* at ¶ 26).  Plaintiff referred the question to his mother who immediately and unequivocally objected to Defendant Stone's return. (*Id.*).  Over Plaintiff's objections, Defendant Stone was reinstated to teach by the District and given a position at the High School, where Plaintiff was to attend the following year. (*Id.* at ¶¶ 27, 28).

---

[1]      Defendant Stone, proceeding *pro se*, moved for an extension of time to answer (Dkt. 19), which was granted on March 14, 2023 (Dkt. 20), extending his time to answer through April 11, 2023.  No answer or motion has been filed on behalf of Defendant Stone as of this date.

Plaintiff's classmates were aware of Defendant Stone's comment to Plaintiff and his reinstatement, which caused mental trauma to Plaintiff. (*Id.* at ¶ 30). Plaintiff required monthly visits to a nutritionist to address stress and anxiety-induced weight gain, as well as treatment with a child psychologist every few weeks. (*Id.* at ¶¶ 31, 32). Plaintiff suffers from slipped capital femoral epiphysis, and his stress-eating affected him more than it would most people as a result of this condition. (*Id.* at ¶ 33). Plaintiff's grades dropped as a result of this incident and his homelife was disrupted. (*Id.* at ¶¶ 35, 36). He no longer feels safe at the District and has been plagued with anxiety and depression. (*Id.* at ¶ 40).

Plaintiff alleges that Defendant Elsasser, the Assistant Superintendent for Student Services, and Defendant Ainsworth, the Middle School Assistant Principal, were aware of Defendant Stone's conduct but were indifferent to Plaintiff's continued suffering. (*Id.* at ¶ 37). Defendants failed to address Plaintiff's stress and academic struggles, despite their duty to act *in loco parentis*. (*Id.* at ¶ 37). Defendants' actions were exacerbated by their lack of a response to calls and emails from Plaintiff's mother. (*Id.* at ¶ 38). Plaintiff contends that NYSED is responsible for licensure of educators and it did not address the issue by removing Defendant Stone's ability to teach, or by taking appropriate steps to ensure that Plaintiff was provided with a nondiscriminatory educational environment. (*Id.* at ¶ 39).

Plaintiff's amended complaint asserts the following claims against all Defendants: (1) violation of Equal Protection and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (2) *Monell* liability; (3) violation of substantive due process pursuant to 42 U.S.C. § 1983; (4) negligent hiring and supervision pursuant to 42 U.S.C. § 1983; (5) intentional

infliction of emotional distress; (6) negligent infliction of emotional distress; (7) New York

Human Rights Law violation pursuant to New York Executive Law § 296(4); (8) negligent

retention pursuant to New York General Municipal Law; and (9) negligent performance of

a governmental function pursuant to New York General Municipal Law.  (Dkt. 37).  He

seeks compensatory damages, exemplary damages, costs, including attorneys' fees, and

such other relief as the Court deems appropriate.

II.    **Procedural Background**

Plaintiff commenced this action on December 16, 2022.  (Dkt. 1).  The District

Defendants filed a motion to dismiss for failure to state a claim on April 11, 2023.  (Dkt.

25).  On May 8, 2023, NYSED filed a motion to dismiss.  (Dkt. 35).  The Court granted

Plaintiff an opportunity to amend his complaint to cure the alleged defects in accordance

with Fed. R. Civ. P. 15(a)(1)(B).  (Dkt. 28).  On May 16, 2023, Plaintiff filed an amended

complaint (Dkt. 37), and Defendants' pending motions to dismiss were denied as moot

(Dkt. 40).

On March 28, 2023, Plaintiff filed a notice of dismissal that sought to dismiss the

claims against Village of Painted Post, Town of Corning, and City of Corning.  (Dkt. 23).

On the same day, the Court issued a Text Order advising Plaintiff that pursuant to Local

Rule of Civil Procedure 41(a)(1)(A), "[a]n action by or on behalf of an infant or an

incompetent shall not be settled or compromised, voluntarily discontinued, dismissed, or

terminated without application to and leave of Court," and directing Plaintiff to file an

appropriate motion.  (Dkt. 24).  On May 18, 2023, Plaintiff filed a motion to dismiss the

claims against the Village of Painted Post, Town of Corning, and City of Corning.  (Dkt.

38).  Those Defendants filed a response supporting dismissal of the claims against them.

(Dkt. 44).

On May 26, 2023, NYSED filed a motion to dismiss Plaintiff's amended complaint.

(Dkt. 42).  Plaintiff filed his opposition on June 20, 2023.  (Dkt. 53).

On June 9, 2023, the District Defendants filed a motion to dismiss Plaintiff's

amended complaint.  (Dkt. 49).  Plaintiff filed his opposition on June 30, 2023 (Dkt. 55),

and on July 21, 2023, the District Defendants filed their reply (Dkt. 58).

## DISCUSSION

### I.   Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6), a district court may consider the facts alleged in the complaint, documents

attached to the complaint as exhibits, and documents incorporated by reference in the

complaint."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court

should consider the motion by "accepting all factual allegations as true and drawing all

reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund

v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a claimant

must set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Turkmen v. Ashcroft*, 589 F.3d 542,

546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits."  *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quotation and alteration omitted).  "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"Where . . . the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined."

- 7 -

*Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)

(quotation omitted and citation omitted).

## II.      Plaintiff's Motion To Dismiss (Dkt. 38)

Plaintiff's motion to dismiss the Village of Painted Post, Town of Corning, and City of Corning seeks to dismiss these Defendants from the lawsuit not as a result of a settlement but rather, as an acknowledgement that they should not have been initially named because there is no basis for liability against any of these Defendants.  There being no opposition from any party, and the Court agreeing that dismissal is warranted, Plaintiff's motion is granted and Defendants Village of Painted Post, Town of Corning, and City of Corning are dismissed with prejudice.

## III.     NYSED's Motion to Dismiss (Dkt. 42)

NYSED moves to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  However, to the extent that NYSED's argument is premised on the Court's lack of subject matter jurisdiction due to Eleventh Amendment immunity, the motion is more properly evaluated pursuant to Rule 12(b)(1).  *Mallison v. Connecticut Off. of Early Childhood*, 657 F. Supp. 3d 221, 227 (D. Conn. 2023) ("Because the Eleventh Amendment 'restricts the judicial power under Article III,' *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996), a motion to dismiss on the basis of sovereign immunity under the Eleventh Amendment is properly brought under Rule 12(b)(1) . . ." (quotation and citation omitted)); *Close v. State of N.Y.*, 125 F.3d 31, 38 (2d Cir. 1997) ("Accordingly, unless New York waived its immunity, the district court lacked subject matter jurisdiction[.]"); *see also New York Communities for Change v. New York State*

*Unified Ct. Sys./Off. Of Ct. Admin.*, No. 22-CV-4298 (RA), 2023 WL 4239074, at *3 (S.D.N.Y. June 28, 2023) ("[T]he Second Circuit has held that '[w]hether a federal court has subject matter jurisdiction [pursuant to the Eleventh Amendment] is a question that may be raised at any time by the court *sua sponte*.'" (quoting *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001))).

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them).

Plaintiff may therefore sue the State of New York—and by extension NYSED—only to the extent it consents to be sued. *See Pennhurst*, 465 U.S. at 99-101. "The Supreme Court has made clear that Congress did not intend to override states' sovereign immunity on Section 1983 claims, . . . and it is well-established that New York has not consented to § 1983 suits in federal court[.]" *New York Communities for Change*, 2023 WL 4239074, at *4 (quotations and citations omitted); *see also Cruz v. Russo*, No. 20-CV-9240 (KMK), 2024 WL 809903, at *5 (S.D.N.Y. Feb. 27, 2024) ("New York has not waived its Eleventh

- 9 -

Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." (quoting *Dubarry v. Capra*, No. 21-CV-5487, 2021 WL 3604756, at \*1 (S.D.N.Y. Aug. 13, 2021))); *Brokamp v. James*, 573 F. Supp. 3d 696, 707 (N.D.N.Y. 2021) ("New York has not waived its sovereign immunity for 42 U.S.C. § 1983 claims."), *aff'd*, 66 F.4th 374 (2d Cir. 2023).  Since the State of New York has not consented, the Eleventh Amendment bars any § 1983 claim Plaintiff may assert against the State of New York, and "[a]n official arm of the state," such as NYSED, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999); *Wright v. Admin. of Child. Servs.*, No. 23-CV-10381 (LTS), 2024 WL 622280, at \*2 (S.D.N.Y. Feb. 14, 2024) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)); *Bleichert v. New York State Educ. Dep't, Off. of Hum. Res.*, No. 118CV0611(GTS/CFH), 2019 WL 1060800, at \*5 (N.D.N.Y. Mar. 6, 2019) ("It is well established that the New York State Education Department is an agency of the State of New York, and thus an arm of the state for purposes of sovereign immunity."), *aff'd,* 793 F. App'x 32 (2d Cir. 2019).  Accordingly, NYSED is immune from liability on Plaintiff's § 1983 claims.

Notwithstanding the clear Eleventh Amendment immunity, Plaintiff argues that its claims against NYSED are not limited to § 1983, and that by using the term "Defendants," he intended to also assert each of his state law causes of action against NYSED.  The Court rejects the premise that the use of "group pleading" could serve to save these claims.  *See*

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Surgalign Spine Techs., Inc.*, No. 22-CV-09870 (JLR), 2024 WL 477031, at *4 (S.D.N.Y. Feb. 7, 2024) ("It is well-established in this Circuit that plaintiffs cannot simply 'lump' defendants together for pleading purposes." (quoting *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021))); *Abadi v. NYU Langone Health Sys.*, No. 21CIV11073RAGGW, 2024 WL 396422, at *2 (S.D.N.Y. Feb. 2, 2024) (noting that the use of "group pleading" is "routinely rejected by courts as insufficient to state a claim as to any particular defendant").

Plaintiff also contends that "NYSED cannot exert 11th immunity for state tort claims and violations of state law when they expressly waived that immunity through specific legislation" (Dkt. 53 at 4); yet Plaintiff does not cite any persuasive legal authority for that proposition.  This argument stretches the bounds of reasonable advocacy.

The law is clear that Plaintiff's state law claims fare no better than the § 1983 claims for purposes of Eleventh Amendment immunity.  *Biondolillo v. Livingston Corr. Facility*, No. 17-CV-6576-FPG, 2023 WL 2043827, at *12 (W.D.N.Y. Feb. 16, 2023) ("[T]he district courts in this Circuit have repeatedly held that the New York Human Rights Law does not include a waiver of the State's sovereign immunity to suit in federal court." (quoting *Smith v. State Univ. of New York*, No. 00-CV-1454, 2003 WL 1937208, at *7 (N.D.N.Y. 2003)); *Al-Shimary v. State Univ. of New York at Binghamton*, No. 322CV1282TJMML, 2023 WL 7128861, at *6 (N.D.N.Y. Oct. 30, 2023) ("Without a waiver or abrogation of immunity, then, the University is immune from the claims here, and 'New York has not waived its sovereign immunity from . . . NYSHRL claims in federal

court.'" (quoting *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014))); *Popat v. Levy*, 328 F. Supp. 3d 106, 135 (W.D.N.Y. 2018) ("In addition, 'the State of New York has not waived its Eleventh Amendment immunity to suit in federal court for state common law [torts].'" (quoting *Hayut v. State Univ. of N.Y.*, 127 F. Supp. 2d 333, 340 (N.D.N.Y. 2000))); *Sunnen v. New York State Dep't of Health*, No. 17-CV-1014 (VSB), 2018 WL 3611978, at *4 (S.D.N.Y. July 27, 2018) ("In addition, the Eleventh Amendment bars state law tort claims . . . against states that have not consented or waived immunity."); *Y.D. v. New York City Dep't of Educ.*, No. 14CV1137-LTS, 2016 WL 698139, at *3 (S.D.N.Y. Feb. 19, 2016) (dismissing claim against Department of Education for intentional and/or negligent infliction of emotional distress on Eleventh Amendment immunity); *see also Hayes v. Condlin,* No. 22-CV-7295 (KMK), 2024 WL 776082, at *4 (S.D.N.Y. Feb. 26, 2024) ("New York State has consented only to being sued in the New York Court of Claims" (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977)).

Accordingly, because the Court lacks subject matter jurisdiction over the claims asserted against NYSED, NYSED's motion to dismiss all claims asserted against it in the amended complaint is granted and the claims are dismissed without prejudice.[2]

---

[2]     A dismissal on subject matter jurisdiction grounds must be entered without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

IV.   **District Defendants' Motion to Dismiss (Dkt. 49)**

The District Defendants argue that Plaintiff's amended complaint fails to state a claim upon which relief may be granted.   The Court will address each cause of action below.

A.  *Monell* **Claim Pursuant to 42 U.S.C. § 1983 (Second Cause of Action)**

At the outset, the District Defendants challenge the sufficiency of Plaintiff's § 1983 claims against the District pursuant to the principles set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

Municipalities cannot be held vicariously liable under § 1983 for the constitutional torts of their employees, nor can they be subject to liability under § 1983 pursuant to a theory of *respondeat superior*.  *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Canton v. Harris*, 489 U.S. 378, 385 (1989).  Instead, where a plaintiff seeks to impose liability on a municipality, he must allege that the constitutional violation was caused by "action pursuant to official municipal policy."  *Connick v. Thompson*, 563 U.S.

51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691

(1978)).

School districts[3] constitute municipal entities subject to claims of liability pursuant

to § 1983. *Doe by & through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594

(CJS), 2018 WL 2100605, at *16 (W.D.N.Y. May 7, 2018). But liability only arises under

§ 1983 if the action is taken pursuant to an official municipal policy, which can be

established by alleging:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken
> by government officials responsible for establishing the municipal policies
> that caused the particular deprivation in question; (3) a practice so consistent
> and widespread that, although not expressly authorized, constitutes a custom
> or usage of which a supervising policy-maker must have been aware; or (4)
> a failure by policymakers to provide adequate training or supervision to
> subordinates to such an extent that it amounts to deliberate indifference to
> the rights of those who come into contact with the municipal employees.

*Id.* at *16 (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y.

2010)); *Hurdle v. Bd. of Educ. of City of New York*, 113 F. App'x 423, 424-25 (2d Cir.

2004) ("A school district's liability under *Monell* may be premised on any of three theories:

(1) that a district employee was acting pursuant to an expressly adopted official policy; (2)

---

[3]    Although not addressed by the parties, the Court notes that Plaintiff has separately
named the High School and the Middle School as defendants, but under New York law,
schools "do not have a legal identity separate from their school district." *Z.F.X. by
Vankesteren v. Riverhead Cent. Sch. Dist.*, No. CV 20-962 (GRB)(ST), 2021 WL 1238842,
at *2 (E.D.N.Y. Apr. 2, 2021); *see also Oliver v. City of New York*, No.
19CIV11219(PGG)(JLC), 2023 WL 2160062, at *8 (S.D.N.Y. Feb. 22, 2023) (affirming
recommendation of dismissal of claims against school because "it is not a proper party to
the case, given that it is neither an individual defendant nor a school district operating a
public school with the possibility of *Monell* liability." (citations omitted)). As such, all
claims against the Middle School and High School are dismissed on that basis.

that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'" (quotation and citation omitted)); *see also Dole v. Huntington Union Free Sch. Dist.*, 699 F. App'x 85, 87 (2d Cir. 2017) ("A school district is a municipal entity, and as such, cannot be held liable pursuant to § 1983 solely because of the discriminatory actions of one of its employees" but only "if its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" (quotations and citations omitted)).  Only in limited circumstances can a failure to train "certain employees about their legal duty to avoid violating citizens' rights . . . rise to the level of an official government policy for purposes of § 1983." *RF v. S. Country Cent. Sch. Dist.*, No. 13CV2710 (SJF)(AKT), 2016 WL 5349782, at *11 (E.D.N.Y. Sept. 23, 2016) (quoting *Connick*, 563 U.S. at 61).[4]

Plaintiff contends that the District had "a policy to employ teachers who previously committed racial discrimination against its students."  (Dkt. 55 at 4; *see also* Dkt. 37 at ¶¶ 51, 52 (the District had "a policy that employees who make racially discriminatory

---

[4]     The Court notes that Plaintiff's amended complaint does not indicate whether he is suing the individual defendants in their official or individual capacity.  Claims against individuals in their official capacities are considered to be a suit against the municipality. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity." (citation omitted)); *Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 385 n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant.").  Therefore, to the extent any of Plaintiff's § 1983 claims are asserted against individuals in their official capacities, such claims are appropriately dismissed.

comments directed at students will still be allowed to work for the district and around students who can be subjected to their racial discrimination," which "demonstrates deliberate indifference to the plight of the Plaintiff and other students who are similarly situated.")). In other words, the basis for Plaintiff's theory of *Monell* liability is that the District had either a formal or informal policy to permit employees engaged in racially discriminatory behavior to work with students.

"Importantly, courts have dismissed custom or practice *Monell* claims that rely solely on one instance of conduct to prove the existence [of] a persistent and widespread custom. In fact, the very foundation of *Monell* liability rests upon the notion that 'isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability.'" *Vasquez v. City of New York*, No. 20-CV-4641 (ER), 2023 WL 8551715, at *4 (S.D.N.Y. Dec. 11, 2023) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012)); *Treadwell v. Cnty. of Putnam*, No. 14 Civ. 10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) ("*Monell* liability does not derive from individual incidents of wrongdoing by non-policymakers."); *Balchan v. City Sch. Dist. of New Rochelle*, No. 21-CV-04798 (PMH), 2023 WL 4684653, at *7 (S.D.N.Y. July 21, 2023) ("[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere [government] employee, . . .").

Here, the allegations in Plaintiff's amended complaint concerning an alleged policy or custom by the District to wrongfully reinstate disciplined employees solely concern Defendant Stone; there are no allegations that any other employees have been similarly

reinstated.   Likewise, Plaintiff's allegations of deliberate indifference contain no information demonstrating that this purported policy has affected students other than Plaintiff.   In other words, Plaintiff has failed to plausibly allege that the conduct at issue was part of a persistent or widespread discriminatory practice or amounted to anything other than a single incident of alleged unconstitutional activity, which is insufficient under *Monell.  See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Porath v. City of New York*, No. 22CIV1302JPCSLC, 2023 WL 9197680, at *13 (S.D.N.Y. Dec. 21, 2023) ("[I]solated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012))), *adopted*, No. 22CIV1302JPCSLC, 2024 WL 127025 (S.D.N.Y. Jan. 11, 2024); *Turner v. Correct Care Sols*., No. 18 Civ. 3370 (VB), 2019 WL 1115857, at *13 (S.D.N.Y. Mar. 11, 2019) (granting motion to dismiss *Monell* claim, advising that "to adequately plead a policy or custom under *Monell*, plaintiff must plausibly allege similar incidents involving others.").   To the extent that any allegations in Plaintiff's amended complaint suggest that the purported conduct was pursuant to a policy, they are wholly conclusory and lack any factual detail.  *Vasquez*, 2023 WL 8551715, at *5 ("Similarly, courts dealing with *Monell* claims have disregarded the use of conclusory allegations that

do not provide additional support that a plaintiff's experience is consistent with a larger pattern of similar conduct." (quotations omitted)).

For these reasons, Plaintiff's *Monell* claim against the District is dismissed for failure to state a plausible claim.

### B. Equal Protection Claim § 1983 (First Cause of Action)

The District Defendants argue that Plaintiff has failed to state a cognizable claim for violation of his rights under the Equal Protection Clause. As to certain Defendants, the Court agrees.

"Generally, to maintain an Equal Protection claim, a plaintiff must 'show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Terrill v. Windham-Ashland-Jewett Cent. Sch. Dist.*, 176 F. Supp. 3d 101, 110 (N.D.N.Y. 2016) (quoting *Miner v. Clinton Cty.*, 541 F.3d 464, 474 (2d Cir. 2008)); *I.S. by & through Disla v. Binghamton City Sch. Dist.*, 486 F. Supp. 3d 575, 605 (N.D.N.Y. 2020) ("To state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him [or her] on the basis of his [or her] race." (quoting *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000))), *reconsideration denied*, No. 19-CV-0513 (GTS/ATB), 2020 WL 6689115 (N.D.N.Y. Nov. 13, 2020); *D.C. by Conley v. Copiague Union Free Sch. Dist.*, No. 16CV4546 (SJF)(AYS), 2017 WL 3017189, at *6 (E.D.N.Y. July 11, 2017) ("To state a claim for violation of the Fourteenth Amendment's Equal Protection Clause,

the plaintiff 'must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender.'" (quoting *Hayden v. Cty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999)). "In the alternative, he could pursue an 'equal protection claim under a theory of discriminatory application of the law, or under a theory of discriminatory motivation underlying a facially neutral policy or statute.'" *Rodriguez v. Clinton*, 357 F. App'x 355, 357 (2d Cir. 2009) (quoting *Pyke v. Cuomo*, 258 F.3d 107, 108-09 (2d Cir. 2001)). In the school setting, a violation of the Equal Protection Clause can arise from direct action or due to deliberate indifference. *Faccio v. Eggleston*, No. 1:10-CV-699, 2011 WL 3666588, at *10 (N.D.N.Y. Aug. 22, 2011); *see also Preston v. Hilton Cent. Sch. Dist.*, 876 F. Supp. 2d 235, 244 (W.D.N.Y. 2012) ("[T]eachers, administrators, and boards of education can be held liable under the Fourteenth Amendment if they have been deliberately indifferent to discriminatory harassment of a student at school by other children.").

To plausibly state an Equal Protection claim pursuant to § 1983, a plaintiff must plead that (1) he was harassed on the basis of a protected characteristic, including race, (2) "the harassment was 'actually known' to the defendant school officials, and (3) the defendant's 'response to such harassment was so clearly unreasonable in light of the known circumstances as to give rise to a reasonable inference that the defendant himself intended for the harassment to occur.'" *Gordon v. Niagara Wheatfield Cent. Sch. Dist.*, No. 122CV00172JLSMJR, 2023 WL 6520216, at *10 (W.D.N.Y. Aug. 22, 2023) (quoting *DiStiso v. Cook*, 691 F.3d 226, 240-41 (2d Cir. 2012)), *adopted*, No. 22CV172JLSMJR, 2023 WL 6227616 (W.D.N.Y. Sept. 26, 2023). "The Second Circuit has further explained

that, in establishing an Equal Protection claim, 'it is not necessary to prove that the defendant fully appreciated the harmful consequences of that discrimination,' but instead a plaintiff must show that the defendant's response to the discrimination was clearly unreasonable in light of the facts at hand." *Id.* at *10 (quoting *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 140-41 (2d Cir. 1999)).

In addition, with respect to any § 1983 claim, a plaintiff is required to demonstrate a defendant's personal involvement in the deprivation of a federal constitutional right. *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023); *see also Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (a § 1983 plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution" (quotation and citation omitted)); *Bellinger v. Fludd*, No. 20-CV-2206 (EK)(SIL), 2020 WL 6118823, at *2 (E.D.N.Y. Oct. 16, 2020) ("A plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation." (citing *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010))).

Here, Plaintiff's amended complaint alleges that notwithstanding Defendant Barber's express knowledge that Defendant Stone used a racial epithet directed at Plaintiff, Defendant Barber later cornered Plaintiff in a hallway of the school building to broach the idea of Defendant Stone returning to the Middle School. Further, despite being expressly informed that Plaintiff and his family objected to such reinstatement, Defendant Stone was reinstated at the High School even though Plaintiff was intending to enroll in his upcoming first year of high school. As such, Plaintiff claims that Defendant Barber knew of and failed to properly investigate and respond to a racially-charged incident by reinstating the

perpetrator of the racial epithet at the school Plaintiff was to attend the following school year, subjecting Plaintiff to additional harm.[5]  To be sure, "[t]he body of applicable case law indicates that a principal receiving reports of possible teacher-to-student sexual harassment does not act with deliberate indifference where he or she promptly investigates, institutes corrective measures, and subsequently continues to monitor the situation," *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 399 (E.D.N.Y. 2005), but at this stage of the proceedings, with Plaintiff's allegations taken as true, Plaintiff's allegations can be fairly read to state a plausible claim that Defendant Barber's investigation and handling of Defendant Stone's remarks to Plaintiff constituted deliberate indifference and a violation of Plaintiff's rights under the Equal Protection Clause.

As to Defendant Ainsworth and Defendant Elsasser, the only allegations at all in Plaintiff's amended complaint relating to them state that they "were aware of Defendant Stone's conduct and the subsequent occurrences but were indifferent to the continued suffering of the Plaintiff," and that "[d]espite an affirmative duty to keep public educational spaces free from racial intolerance, they failed to address the racial discrimination and failed to intervene when Defendant Stone was rehired by Corning-Painted Post Area School District which caused more distress to Plaintiffs."  (Dkt. 37 at ¶ 37).  These allegations lack any specificity and do not demonstrate the requisite personal involvement

---

[5]      In their motion papers, the District Defendants contend that Plaintiff currently attends the District's high school and that Defendant Stone was never reinstated to that school.  (Dkt. 49-1 at 7-8).  However, for purposes of a motion to dismiss, Plaintiff's allegations are taken as true and Plaintiff's amended complaint alleges that Defendant Stone was reinstated at the High School.  Factual matters outside of the pleadings are not appropriately considered on the instant motion.

to establish intentional discriminatory conduct, nor do they suggest that these Defendants' indifference rose to the level to establish liability of intentional discrimination or that their actions were clearly unreasonable in light of known circumstances. *See Chandrapaul v. City Univ. of New York*, No. 14CIV790(AMD)(CLP), 2016 WL 1611468, at *23 (E.D.N.Y. Apr. 20, 2016) ("[A]llegations of discrimination under the Equal Protection Clause 'require that intentional discrimination be alleged in a non-conclusory fashion.' Therefore, the plaintiff's claims under the Equal Protection Clause also fail." (quoting *Clyburn v. Shields*, 33 F. App'x 552, 555 (2d Cir. 2002))).

Moreover, to the extent that Plaintiff suggests that any reference to "Defendants" generally suffices to state a claim as to all Defendants in a manner that would salvage these claims, again the Court disagrees that group pleading saves Plaintiff's claims. *See 5465 Route 212, LLC v. New York State Dep't of Transportation*, No. 119CV01510(BKS/DJS), 2020 WL 6888052, at *9 (N.D.N.Y. Nov. 24, 2020) (dismissing claims where the "amended complaint fails to differentiate among the defendants, instead alleging acts by 'the defendants,'" and relied on group pleading without specific individual factual allegations); *Wilson v. City of New York,* No. 15-CV-3192 (KBF), 2016 WL 2858895, at *3 (S.D.N.Y. May 16, 2016) (denying motion to amend where "[t]he proposed amended complaint does not identify what individual defendant took what action or otherwise provide any means of distinguishing one defendant's personal involvement from another's. This approach to pleading does not comply with the requirement, in the § 1983 context, that a defendant only face claims that he has been sufficiently alleged to have personally committed."); *see also Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d Cir. 2001)

(holding that complaint failed to meet minimum pleading standard "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct").  Plaintiff was provided an opportunity to amend his complaint to remedy the deficiencies identified by Defendants and failed to do so, and there is no information before the Court suggesting that further amendment would be fruitful.  *See Brown v. Rotenberg*, 268 F. Supp. 3d 445, 451 (W.D.N.Y. 2017) ("Plaintiff has already been provided such an opportunity to amend and has failed to remedy the deficiencies in his complaint. The amended complaint does not suggest that reframing the allegations would be sufficient to state a claim.  Accordingly, no further leave to amend will be granted *sua sponte*.").

For these reasons, Plaintiff's § 1983 Equal Protection claim against Defendants Ainsworth and Elsasser is dismissed but the claim may proceed against Defendant Barber.

**C. Substantive Due Process Violation § 1983 (Third Cause of Action)**

The District Defendants have moved to dismiss the third cause of action alleging a substantive due process violation (Dkt. 49-1 at 24-25), and Plaintiff wholly fails to respond to the arguments asserted with respect to this claim (*see generally* Dkt. 55).  The District Defendants argue that Plaintiff's failure to address the portion of their motion seeking dismissal of the claim for substantive due process necessitates dismissal of the claim.  The Court agrees.

"[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."  *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 20 n.4 (E.D.N.Y. 2020) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)); *see also Kurtz v.*

*Hansell,* No. 20 CIV. 3401 (PAE), 2021 WL 1143619, at *16 (S.D.N.Y. Mar. 24, 2021) (holding that by failing to respond to argument on motion to dismiss "plaintiffs have abandoned that claim"); *East v. Roosevelt Union Free Sch. Dist.*, No. CV193709JSAKT, 2020 WL 13753159, at *20 (E.D.N.Y. July 31, 2020) ("Courts in the Second Circuit have found that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.'" (quoting *Laface v. Eastern Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018))); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442 TPG FM, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").

By not addressing the merits of the claim in opposition to the District Defendants' motion to dismiss, Plaintiff has abandoned any substantive due process claim and the claim is dismissed.

### D.  Negligent Hiring and Supervision § 1983 (Fourth Cause of Action)

Plaintiff does not address the District Defendants' motion to dismiss his negligence claims other than to clarify that his fourth cause of action is for negligence pursuant to § 1983.  On this basis alone the claim is subject to dismissal on grounds of abandonment. *See Jones*, 434 F. Supp. 3d at 20.  But because Plaintiff's papers arguably convey his intention to assert the claim—albeit in a wholly inadequate fashion—the Court will address the substantive merit of the claim.

Initially, to the extent that Plaintiff's § 1983 claim for negligent hiring and supervision is duplicative of Plaintiff's *Monell* claim, it is subject to dismissal for the same reasons as outline above. Outside of a *Monell* claim for a policy of negligent hiring or retention, a general claim of negligence is not actionable under § 1983. *Gibson v. Pasta City*, No. 1:23-CV-9112 (LTS), 2023 WL 8188431, at *3 (S.D.N.Y. Nov. 27, 2023) ("The negligence of a state official is not a viable basis for a claim of a federal constitutional violation under Section 1983."); *Garrett v. Cummberbatch*, No. 23-CV-2343 (LTS), 2023 WL 3582631, at *3 (S.D.N.Y. May 22, 2023) ("[N]egligence does not amount to a constitutional violation under Section 1983."); *Colon v. Sullivan*, 681 F. Supp. 222, 223 (S.D.N.Y. 1988) ("In addition, plaintiff has made no allegation of intentional wrongful conduct. Therefore, even assuming that the actions of defendants were negligent, the complaint must be dismissed because there can be no recovery under section 1983 on the basis of negligence.").

For these reasons, the District Defendants' motion to dismiss Plaintiff's claim for negligent hiring and supervision pursuant to § 1983 is granted.

### E. Negligent Retention and Negligent Performance of a Governmental Function (Eighth and Ninth Causes of Action)

As noted, Plaintiff does not meaningfully address the District Defendants' motion to dismiss his negligence claims other than to clarify that his fourth cause of action is for negligence pursuant to § 1983 and his eighth and ninth causes of action arise under state law. This alone subjects the claims to dismissal on grounds of abandonment. *See Jones*, 434 F. Supp. 3d at 20.

- 25 -

However, because Plaintiff does at least reiterate his intention to pursue the claim, the Court will consider the claims on the merits.  These claims in Plaintiff's amended complaint allege that the District Defendants failed to take appropriate affirmative action and were negligent in protecting Plaintiff and providing him with a school environment that was free from racial discrimination and harassment, which caused him injury and suffering.

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Crout v. Haverfield Int'l, Inc*., 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A*., 459 F.3d 273, 286 (2d Cir. 2006)).  In addition, "to state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer 'knew of [an] employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure.'"  *AA by BB v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 508 (W.D.N.Y. 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist*., 2017 WL 10456860 at *16 (E.D.N.Y. 2017)).  Also, the employee's actions must have been outside the scope of employment.  *Id.*

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision."  *Motta ex rel. Motta v. Eldred Cent. Sch. Dist.*, 141 A.D.3d 819, 820 (2016) (quoting *Mirand v. City of New York*, 84 N.Y.2d 44, 49 (1994)); *see also PC-*

- 26 -

41 *Doe v. Poly Prep Country Day Sch.*, No. 20CV03628 (DG)(SJB), 2021 WL 4310891, at *12 (E.D.N.Y. Sept. 22, 2021) ("Starting with the duty element, it is well settled that [i]n New York, schools are under a special duty of *in loco parentis*, which obligates them to exercise such care of [their charges] as a parent of ordinary prudence would observe in comparable circumstances." (citations and quotations omitted)).

Plaintiff has sufficiently pleaded the elements of such a claim for purposes of a Fed. R. Civ. P. 12(b)(6) motion as to the District and Defendant Barber.  While the claims could certainly be more artfully pleaded, the District, as Defendant Stone's employer, and Defendant Barber, as the individual purportedly involved with the decision to reinstate Defendant Stone, are alleged to have been on notice of Defendant Stone's propensity to use a racial epithet and their failure to appropriately protect Plaintiff by reinstating Defendant Stone to a position at the school that Plaintiff was to attend.  This arguably rises to the level of negligence.  Although the allegations are thin, the standard for negligence requires less than that of a constitutional claim, and Plaintiff's amended complaint minimally meets that standard for the District and Defendant Barber.  *Powell v. City of New York*, No. 14CV09937(PAC)(BCM), 2016 WL 4159897, at *10 (S.D.N.Y. July 14, 2016) (noting that an equal protection claim "require[s] more than negligence"), *adopted*, No. 14CIV9937(PAC)(BCM), 2016 WL 4147203 (S.D.N.Y. Aug. 3, 2016).  Therefore, the District Defendants' motion is denied as to these Defendants.

As to Defendant Ainsworth and Defendant Elsasser, as set forth above, Plaintiff's amended complaint lacks any specificity as to what these Defendants knew, what role they played in the circumstances at issue, and any concrete basis for liability against them.

Plaintiff had the opportunity to remedy the deficiencies in his complaint with respect to Defendant Ainsworth and Defendant Elsasser to amplify the basis for his claims against them, but failed to do so.  Accordingly, the District Defendants' motion to dismiss these claims is denied as to the District and Defendant Barber, but granted as to Defendant Ainsworth and Defendant Elsasser.

### F.  Intentional Infliction of Emotional Distress (Fifth Cause of Action)

"The New York state law tort of intentional infliction of emotional distress 'has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress.'. . .  Furthermore, 'New York sets a high threshold for conduct that is "extreme and outrageous" enough to constitute intentional infliction of emotional distress.'" *A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 690 (E.D.N.Y. 2012) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)), *aff'd*, 513 F. App'x 95 (2d Cir. 2013).  The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (quoting *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993)).

Here, not only has Plaintiff failed to allege conduct so extreme and outrageous to go beyond all bounds of decency by the District Defendants, but also absent from the amended complaint are allegations that the District Defendants acted with the intention to inflict emotional distress on Plaintiff.  Even if Defendant Stone's alleged conduct is considered to transcend standards of decency, the same cannot be said for any alleged

conduct of the District Defendants. *See Gray v. Schenectady City Sch. Dist.*, 86 A.D.3d 771, 773 (3d Dep't 2011) ("Despite this sufficient claim against Raucci, defendant's mere inaction after receiving complaints about Raucci's behavior—which allegedly allowed him to continue to engage in this behavior in spite of the notice regarding his actions—cannot be considered the type of extreme and outrageous conduct that is 'utterly intolerable in a civilized community'" (quotation and citation omitted)).  Thus, taking the allegations against the District Defendants as true, Plaintiff has not plausibly alleged that any of the District Defendants intentionally inflicted emotional distress upon Plaintiff—this, notwithstanding being given the opportunity to amend the complaint.  For these reasons, the Court will grant the District Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress against them.

### G. Negligent Infliction of Emotional Distress (Sixth Cause of Action)

Plaintiff's cause of action for negligent infliction of emotional distress requires him "to show a breach of duty owed to [him or] her which unreasonably endangered [his or] her physical safety, or caused [him or] her to fear for [his or] her own safety." *A.M.P. v. Benjamin*, 201 A.D.3d 50, 2021 WL 5496954, at *3 (3d Dep't 2021) (citation and quotation omitted).  But "[u]nder New York law, claims are duplicative when both 'arise from the same facts and seek the identical damages for each alleged breach.'"  *C.Q. v. Est. of Rockefeller*, No. 20-CV-2205 (VSB), 2021 WL 4942802, at *4 (S.D.N.Y. Oct. 21, 2021) (quoting *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015)).  In similar cases, courts have concluded that claims for negligent infliction of emotional distress are duplicative of other negligence-based claims and dismissed the

negligent infliction of emotional distress claims. *See Watkins v. Harlem Ctr. for Nursing & Rehab., LLC*, No. 20 CIV. 2919 (KPF), 2021 WL 4443968, at *14 (S.D.N.Y. Sept. 28, 2021) ("Here, Plaintiffs' claim for negligent infliction of emotional distress must be dismissed because it is duplicative of their claim for negligence. Fatally, both claims rest on the same facts and seek the same damages."); *PC-41 Doe*, 2021 WL 4310891, at *15 ("And in similar [Child Victim Act] actions, both NIED and premises liability claims have been dismissed as duplicative of other tort claims." (collecting cases)); *Fay v. Troy City Sch. Dist.*, 197 A.D.3d 1423, 1424 (3d Dep't 2021) ("The conduct complained of in the causes of action for premises liability and negligent infliction of emotional distress falls entirely within the scope of plaintiff's separate causes of action for negligence, negligent supervision and negligent retention. Thus, the premises liability and negligent infliction of emotional distress claims must be dismissed as duplicative of the negligence, negligent supervision and negligent retention claims." (quotation and citation omitted)); *AA by BB*, 527 F. Supp. 3d at 510 ("A claim for negligent infliction of emotional distress cannot be asserted if it is 'essentially duplicative of tort . . . causes of action." (quotation and citation omitted)). So too, here, is Plaintiff's claim for negligent infliction of emotional distress subject to dismissal. The District Defendants' motion to dismiss this claim is therefore granted.

## H. New York Executive Law § 296 Human Rights Law Violation (Seventh Cause of Action)

Although the District Defendants devoted over two pages of their brief to their argument seeking dismissal of Plaintiff's claim asserted pursuant to New York Executive

Law § 296, Plaintiff does not address this argument at all in opposition to the District

Defendants' motion.  As a result, Plaintiff has abandoned this claim and it is dismissed.

*See Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) (finding that on

a motion to dismiss, "[c]ourts 'may, and generally will, deem a claim abandoned when a

plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'"

(quoting *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008))).

### I. Qualified Immunity

Finally, with the Equal Protection claim against Defendant Barber withstanding

dismissal, the Court must consider the argument that he is entitled to qualified immunity.

"A qualified immunity defense is established if (a) the defendant's action did not violate

clearly established law, or (b) it was objectively reasonable for the defendant to believe

that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir.

1998) (citation omitted).  Although claims of qualified immunity "should be decided as

early as possible in a case," it "is often best decided on a motion for summary judgment

when the details of the alleged deprivations are more fully developed." *Walker v. Schult*,

717 F.3d 119, 130 (2d Cir. 2013); *see also McKenna v. Wright,* 386 F.3d 432, 435-36 (2d

Cir. 2004) (noting that generally "the defense of qualified immunity cannot support the

grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be

granted") (alteration in original) (quoting *Green v. Maraio,* 722 F.2d 1013, 1018 (2d Cir.

1983)).  Therefore, "a defendant asserting a qualified immunity defense on a motion to

dismiss 'faces a formidable hurdle . . . and is usually not successful.'" *Barnett v. Mt.*

*Vernon Police Dep't,* 523 F. App'x 811, 813 (2d Cir. 2013) (quoting *Field Day, LLC v.*

*Cnty. of Suffolk,* 463 F.3d 167, 191-92 (2d Cir. 2006)).  "The defense will succeed only where entitlement to qualified immunity can be established 'based [solely] on facts appearing on the face of the complaint.'"  *Id.* (quoting *McKenna,* 386 F.3d at 436).

Granting a qualified immunity defense is not appropriate at this juncture.  It is clearly established law that Plaintiff is entitled to an educational environment free of discrimination or deliberate indifference to reports of harassment.  Similarly, qualified immunity requires a finding of objective reasonableness, which would be inconsistent with the Court's finding that Plaintiff has plausibly alleged an Equal Protection claim.  Taking Plaintiff's allegations as true, the Court cannot conclude that the actions of Defendant Barber did not violate clearly established law, or that it was objectively reasonable for him to believe his actions did not violate clearly established law.  *See Cole-Hatchard v. Hoehmann*, No. 16 CV 5900 (VB), 2020 WL 5645815, at *12 (S.D.N.Y. Sept. 21, 2020) ("Moreover, the record evidence demonstrates material issues of fact, which preclude at this stage of the proceedings a determination that it was objectively reasonable for defendants to have participated in the allegedly retaliatory complained-of conduct."); *Jackson v. New York State,* 381 F. Supp. 2d 80, 91 (N.D.N.Y. 2005) ("Plaintiff alleges violations of her constitutional rights and, based on the complaint alone, it does not appear that defendants' actions were objectively reasonable.  Further factual information is necessary, therefore, to determine whether defendants are entitled to qualified immunity."). Accordingly, the District Defendants' motion to dismiss Plaintiff's claims on grounds of qualified immunity is denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court grants Plaintiff's motion to dismiss Defendants Village of Painted Post, Town of Corning, and City of Corning with prejudice.  (Dkt. 38). The Court grants NYSED's motion to dismiss the claims asserted against it without prejudice for lack of subject matter jurisdiction.  (Dkt. 42).  The Court grants in part and denies in part the District Defendant's motion to dismiss.  (Dkt. 49).  Specifically, the motion to dismiss is granted except as to Plaintiff's claim for Equal Protection against Defendant Barber (first cause of action) and state law negligence claims against the District and Defendant Barber (eighth and ninth causes of action).  The Clerk of Court is directed to terminate Defendants Village of Painted Post, Town of Corning, City of Corning, NYSED, Corning-Painted Post High School, Corning-Painted Post Middle School, Defendant Ainsworth, and Defendant Elsasser.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 7, 2024
       Rochester, New York

- 33 -