UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

D.J., a minor, by his Parent and Natural
Guardian Amy L. Comfort,

                      Plaintiff,

      v.

CORNING-PAINTED POST AREA
SCHOOL DISTRICT, MIDDLE SCHOOL
TEACHER MR. GREGORY STONE, and
PRINCIPAL MR. FRANK BARBER,

                      Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06567 EAW

## INTRODUCTION AND BACKGROUND

Plaintiff D.J., a minor child by his parent and guardian Amy L. Comfort ("Plaintiff"), commenced this action against defendants Corning-Painted Post Area School District ("the District"), Corning-Painted Post Middle and High Schools, the Village of Painted Post, Town of Corning, City of Corning, New York State Education Department ("NYSED"), and various District administrators.

On March 7, 2024, the Court entered a Decision and Order ("March 7 Decision and Order") that in relevant part, granted in part and denied in part a motion to dismiss filed by the District, Corning-Painted Post Area Middle School, Corning-Painted Post Area High School, and individual Defendants Frank Barber ("Defendant Barber"), Sarah Ainsworth,

- 1 -

and Kerry Elsasser.[1] (Dkt. 59). Specifically, the March 7 Decision and Order dismissed all of Plaintiff's claims against these Defendants with the exception of his claim for equal protection against Defendant Barber (first cause of action) and state law negligence claims against the District and Defendant Barber (eighth and ninth causes of action).

The District and Defendant Barber ("Moving Defendants") now seek reconsideration of those portions of the March 7 Decision and Order that denied their motion to dismiss the equal protection claim against Defendant Barber and state law negligence claims against Defendant Barber and the District. (Dkt. 61). Plaintiff opposes Moving Defendants' motion. (Dkt. 65). For the reasons below, the Court denies the motion.

## DISCUSSION

"The Federal Rules of Civil Procedure 'do not recognize a motion for reconsideration.'" *Sapienza v. City of Buffalo*, No. 20-CV-634 (JLS), 2023 WL 11694109, at *1 (W.D.N.Y. Oct. 25, 2023) (quoting *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (internal quotation marks omitted)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

---

[1] The March 7 Decision and Order also granted Plaintiff's motion to dismiss all claims against Defendants Village of Painted Post, Town of Corning, and City of Corning, and granted NYSED's motion to dismiss the claims asserted against it.

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)), *aff'd*, 594 F. App'x 25 (2015). "Such a motion does not provide 'a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *New v. M&T Bank Corp.*, No. 21-CV-1186-LJV, 2024 WL 3743723, at *1 (W.D.N.Y. Aug. 9, 2024) ("These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." (quoting *Kharshiladze v. Philips*, 6:20-CV-06423 EAW, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021))).

Familiarity with the factual and procedural background of this matter is assumed for purposes of this Decision and Order.

Moving Defendants' motion for reconsideration centers on their disagreement with the Court's characterization in the March 7 Decision and Order of the events alleged to have occurred on March 1, 2022, wherein the Court stated that Defendant Barber "cornered Plaintiff in a hallway of the school building to broach the idea of Defendant Stone returning to the Middle School" and "despite being expressly informed that Plaintiff and his family objected to such reinstatement, Defendant Stone was reinstated at the High School even though Plaintiff was intending to enroll in his upcoming first year of high school." (Dkt. 59 at 20; *see* Dkt. 61-1 at 5 ("Defendants . . .assert that the Court's interpretation of the alleged facts surrounding Barber's conversation with Plaintiff on March 1, 2022, and the manner in which those facts were applied to the standard of law for equal protection and negligence, represent a clear error.")). Moving Defendants contend that because Defendant Barber followed Plaintiff's direction and did not bring Defendant Stone back to the Middle School, that his actions cannot constitute establish requisite elements of Plaintiff's claims. They argue that the March 7 Decision and Order's "finding on this issue is based on the inference behind the Plaintiff's allegation, and not the allegation itself, since a careful reading shows Plaintiff received the exact remedy he requested." (Dkt. 61-1 at 10).[2]

---

[2] The relevant allegations in the amended complaint state that "[o]n or around March 1, 2022, Principal Barber cornered Plaintiff J in the hall and put him the spot, asking how he would feel if Defendant Stone came back to teach at the Middle School. Plaintiff J referred Principal Barber to his mother, Plaintiff Comfort, who immediately and unequivocally objected to reinstatement of Defendant Stone" (Dkt. 37 at ¶ 26); "[d]espite Plaintiff's objections, Defendant Stone was reinstated to teach by Corning-Painted Post

At bottom, Moving Defendants' contentions simply reargue the same issues that were at play in the Court's initial consideration of the motion to dismiss and do not identify any new evidence that the Court failed to consider. In this context, "'new evidence' is evidence that was unavailable to the movant when the Court made its previous ruling, and that could not have been found by due diligence." *Oak Forest Prod., Inc. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 78 (W.D.N.Y. 2015); *see also Trident Int'l Ltd. v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc.,* 2008 WL 11517608, at *2 (S.D.N.Y. June 11, 2008) ("That some allegations were not specifically mentioned in the Court's Order is of no import; it would be impractical for a district court to enumerate every single fact and bit of minutiae it considers in reaching its conclusions."). Here, Moving Defendants present and reargue the same position that they previously argued in support of the motion to dismiss. *Matura v. United States,* 189 F.R.D. 86, 90 (S.D.N.Y. 1999) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources."). Further, Moving Defendants' argument that "Plaintiff made no objection to Stone's reinstatement at the high school, according to the text of the Amended Complaint," (Dkt. 61-1 at 16), is belied by the

---

Area School District" (*id.* at ¶ 27); and "[a]t the time of Defendant Stone's reinstatement, Plaintiff J was attending Corning Painted Post Middle School and was intending to enroll at Corning Painted Post High School where Defendant Stone was reinstated. This reinstatement was seen by Plaintiff J to be a threat to his upcoming first year of high school," (*id.* at ¶ 27).

allegations in the amended complaint which expressly state that Plaintiff "immediately and unequivocally objected to reinstatement of Defendant Stone" and that "[a]t the time of Defendant Stone's reinstatement, Plaintiff J was attending Corning Painted Post Middle School and was intending to enroll at Corning Painted Post High School where Defendant Stone was reinstated . . . [and] [t]his reinstatement was seen by Plaintiff J to be a threat to his upcoming first year of high school," (Dkt. 37 at ¶ 27).  In other words, the amended complaint states that Defendant Stone's reinstatement at the high school where Plaintiff was to attend the following year was perceived as a threat by Plaintiff.  Accordingly, Moving Defendants' argument and characterization of Plaintiff's allegations is not borne out by the pleadings.

Nor have the Moving Defendants demonstrated that the Court incorrectly evaluated legal principles in denying the portions of the motion to dismiss at issue.  To the extent that the Court's ruling rested on inferences in Plaintiff's favor drawn from the allegations in the amended complaint, this was appropriate at the motion to dismiss stage. *Karlen v. Wells Fargo Bank, N.A.*, No. 3:24-CV-1308 (OAW), 2024 WL 4851608, at *1 (D. Conn. Nov. 21, 2024) ("However, when reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor." (citing *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012))); *Dickerson v. BPP PCV Owners LLC*, No. 21-CV-9003-LTS, 2024 WL 4696088, at *2 (S.D.N.Y. Nov. 6, 2024) ("In deciding a Rule 12(b)(6) motion to dismiss, the Court must 'draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" (quoting *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d

Cir. 2011))). That Moving Defendants contest the veracity of the allegations or suggest that other inferences could be drawn from them is of no moment. The amended complaint plausibly alleges that Defendant Barber did not reasonably investigate and institute corrective measures in response to reports of alleged teacher-to-student harassment, in a manner sufficient to survive a Rule 12(b)(6) motion. Likewise, Plaintiff's claims that Defendant Barber and the District breached a duty owed to Plaintiff, causing a foreseeable injury to him, are adequately plead.

Finally, Moving Defendants have not established that manifest injustice will result should the Court deny their motion for reconsideration. "In the context of a motion for reconsideration, 'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quotation and citation omitted); *see also S.E.C. v. Stewart*, No. 98 CIV. 2636 (LAP), 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024) ("Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes. At least one court has held though that reconsideration is not warranted unless the prior decision is 'dead wrong.'" (quoting *Ogi Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.*, No. 06 Civ. 9441(RWS), 2007 WL 2900225 at *1 n.1 (S.D.N.Y. Oct. 4, 2007))). As discussed, Moving Defendants have not identified any discernable error in the Court's March 7 Decision and Order.

Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice, Moving Defendants' motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, Moving Defendants' motion for reconsideration (Dkt. 61) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 30, 2024
Rochester, New York